JS 44 (Rev. 3/99) **CIVIL COVER SHEET** APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PNC Bank, National Association

## DEFENDANTS
Admiral Wine & Liquor Co.

(b) County of Residence of First Listed Plaintiff  Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Atlantic
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James W. Hennessey, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center, 1735 Market Street, Philadelphia, PA 19103
215-575-7000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Exceeds $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Ronald L. Buckwalter
DOCKET NUMBER 04CV4264

DATE 10/25/04
SIGNATURE OF ATTORNEY OF RECORD  /s/ James W. Hennessey

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1600 Market Street, Philadelphia, PA 19103

Address of Defendant: 3303 Atlantic Avenue, Atlantic City, NJ 08401

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: 04CV4264     Judge: Buckwalter     Date Terminated: Pending

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☒  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☒  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify)
Continuation of a security interest in inventory, conversion, unjust enrichment.

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, James W. Hennessey, Esquire, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/25/04     *[signature]* Attorney-at-Law     20235 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     Attorney-at-Law     Attorney I.D.#

CIV. 609 (9/99)

IN THE UNITED STATES DISTRICT COURT     APPENDIX C
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PNC Bank, National Association | : | CIVIL ACTION |
| v. | : | |
| Admiral Wine & Liquor Co. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (✓)

10/25/04
**Date**

_James W. Hennessey_
Attorney-at-law
**Attorney for Plaintiff**

(Civ. 660) 7/95

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLAVNIA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION<br>1600 Market Street<br>Philadelphia, Pennsylvania 19103 | CIVIL ACTION<br><br>No. |
| vs. | |
| ADMIRAL WINE & LIQUOR CO.<br>3303 Atlantic Avenue<br>Atlantic City, New Jersey 08401 | |

## COMPLAINT

Plaintiff, PNC BANK, NATIONAL ASSOCIATION ("PNC Bank"), by and through its counsel Dilworth Paxson LLP, hereby asserts this Complaint against ADMIRAL WINE & LIQUOR CO. ("Admiral"), and avers the following:

## PARTIES

1. PNC Bank is a national banking institution with an office at 1600 Market Street, Philadelphia, Pennsylvania, 19103.

2. Admiral is a corporation doing business in the State of New Jersey and the Commonwealth of Pennsylvania with an office at 3303 Atlantic Avenue, Atlantic City, New Jersey, 08401.

## JURISDICTION

3. This Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332 in that this proceeding is a civil action between parties of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

548225_2

## BACKGROUND

4.	On or about February 27, 1992, Parliament Import Company ("Parliament") and PNC Bank (successor by merger to Midlantic Bank, N.A., successor by merger to Continental Bank) entered into a certain Loan and Security Agreement and related agreements and documents (collectively, the "Loan Agreement"). The Loan Agreement was amended on or about December 3, 1996, October 14, 1997, July 2, 1998, June 24, 1999, November 11, 2000 and September 28, 2001.

5.	The Loan Agreement and its amendments established: (i) a line of credit in the maximum principal amount of $900,000; (ii) a $320,000 term note; (iii) a $75,000 term loan; and (iv) a $60,000 term loan (collectively, the "Loans").

6.	Pursuant to the Loan Agreement, the Loans are secured by a first lien on and security interest in all of Parliament's existing and subsequently acquired and arising accounts, chattel paper, inventory, warehouse receipts relating to inventory and all books and records relating to Parliament's accounts and inventory, and all cash and non-cash proceeds (including without limitation, insurance proceeds) of all of the foregoing property and all additions and accessions thereto, substitutions therefore and replacements thereof and a certain $500,000 life insurance policy on the life of Jonathan Shiekman (collectively, the "Collateral").

7.	PNC Bank perfected its first lien on and security interest in the Collateral by filing financing statements on December 28, 2001 with the Department of State of the Commonwealth of Pennsylvania (the "Financing Statements"). A true and correct copy of the Financing Statements is attached hereto as Exhibit "A" and is made a part hereof.

8.	Parliament defaulted on its obligations under the Loan Agreement and as of July 29, 2004, Parliament owed PNC Bank $505,303.11 under the Loan Agreement.

9.   On or about July 7, 2003, Parliament entered into an Asset Purchase Agreement (the "Asset Purchase Agreement") with Admiral, whereby Parliament sold, among other things, all of its inventory of wines to Admiral (the "Inventory"). A true and correct copy of the Asset Purchase Agreement is attached hereto as Exhibit "B" and is made a part hereof.

10.   Upon information and belief, pursuant to the Asset Purchase Agreement, the Inventory was transferred by Parliament to Admiral's location at 630 S. 21st Street, Irvington NJ 07111.

11.   By virtue of its perfected security interest in the Collateral, PNC Bank has a perfected security interest in the Inventory and all cash and non-cash proceeds realized from the sale thereof.

12.   Admiral clearly knew that PNC Bank has a perfected security interest in the Inventory at the time it executed the Asset Purchase Agreement. Section 1.3 of the of the Asset Purchase Agreement provides that Admiral "does not assume, and does not purchase the [Inventory] subject to, any debts, liabilities or obligations of any nature ... except that [Admiral] shall take the [Inventory] subject to the lien of Seller's $900,000 Bank Debt." Section 4.4 of the Asset Purchase Agreement provides that Parliament has good and marketable to the Inventory, except for the Bank Debt.

13.   Moreover, section 7.6 of the Asset Purchase Agreement provides that Parliament shall "deliver to [Admiral] a letter from [PNC Bank] ... containing the bank's consent to the consummation of this Agreement without acceleration of the Bank Debt."

14.   PNC Bank did not consent to the consummation of the Asset Purchase Agreement.

548225_2                                             3

15. Admiral entered into the Asset Purchase Agreement despite (i) knowing that PNC Bank has a perfected security interest in the Inventory and (ii) not receiving the consent of PNC Bank as required under the Asset Purchase Agreement.

16. Upon information and belief, despite knowing that PNC Bank has a perfected security interest in the Inventory, Admiral sold the Inventory to customers in the ordinary course of its business.

17. PNC Bank has a perfected security interest in any proceeds (the "Proceeds") Admiral realized from the sale of the Inventory.

18. Section 11.5 of the Asset Purchase Agreement provides that the laws of the state of New Jersey govern the Asset Purchase Agreement.

19. On or about August 10, 2004, PNC Bank filed a complaint against Jonathan Shiekman ("Shiekman") in the Court of Common Please of Philadelphia County, Pennsylvania, No. 040600776. Shiekman removed the action to this Court on or about September 9, 2004 (Case No. 04-cv-4264) and, on or about October 8, 2004, filed a third-party complaint against Admiral.

### Count I
### Conversion

20. PNC Bank hereby incorporates paragraphs 1 through 19 herein as if the same were set forth in detail.

21. Although it knew that PNC Bank has a perfected security interest in the Inventory, Admiral sold the Inventory for its own benefit so as to deprive PNC Bank of its right to the Inventory.

22. Because of the conversion of the Inventory by Admiral, PNC Bank sustained a loss equal to the fair market value of the Inventory.

WHEREFORE, PNC Bank demands judgment against Admiral in a sum equal to the Proceeds plus interest, all costs of suit including attorneys' fees, and such other relief as may be just and proper.

### Count II
### Continuation of Security Interest Pursuant to the Uniform Commercial Code

23. PNC Bank hereby incorporates paragraphs 1 through 22 herein as if the same were set forth in detail.

24. Pursuant to section 9-315 of the Uniform Commercial Code as adopted in New Jersey in N.J.S.A 12A:9-315, a security interest in collateral (i) continues notwithstanding a sale, lease, license, exchange or other disposition thereof unless the secured party authorized the disposition free of the security interest, and (ii) attaches to any identifiable proceeds of the collateral.

25. PNC Bank did not authorize the sale of the Inventory by Admiral.

26. PNC Bank has a perfected security interest in the Inventory, which continues in the Proceeds.

27. Because Admiral sold the inventory without PNC Bank's authorization, PNC Bank has sustained a loss equal to the fair market value of the Inventory.

WHEREFORE, PNC Bank demands judgment against Admiral in a sum equal to the Proceeds plus interest, all costs of suit including attorney's fees, and such other relief as may be just and proper.

### Count III
### Unjust Enrichment

28. PNC Bank hereby incorporates paragraphs 1 through 27 herein as if the same were set forth in detail.

29.   PNC Bank, as the holder of a perfected security interest in the Inventory and the Proceeds, is entitled to the Proceeds received by Admiral from the sale of the Inventory.

30.   Admiral has retained the Proceeds thereby enriching itself with property that rightly and justly belongs to PNC Bank.

31.   PNC Bank is entitled to restitution from Admiral for the improper sale of the Inventory and the retention of the Proceeds.

WHEREFORE, PNC Bank demands judgment against Admiral in a sum equal to the Proceeds plus interest, all costs of suit including attorneys' fees, and such other relief as may be just and proper.

Dated: October 25, 2004

/s/ James W. Hennessey
James W. Hennessey, Esquire
PA I.D. #20235
Validation Code: JH708
DILWORTH PAXSON LLP
1735 Market Street, Suite 3200
Philadelphia, PA 19103
Telephone: (215) 575-7000
Facsimile: (215) 575-7200